## SCRIBER *v.* MASTEN.

Where the defendant contracted with a factor who was in his debt for certain goods, but before he took them away was informed that a portion of them belonged to another, his taking such portion was an unlawful assumption of ownership, and a conversion of the property.

A notice of the ownership of the goods which would put the defendant on inquiry *is* sufficient.

In such a case, no demand is necessary previous to bringing suit.

APPEAL from the District Court of the Fifteenth Judicial District, County of Butte.

This was an action to recover damage for the wrongful taking of certain goods, the property of plaintiff.

The cause was tried in the Court below without a jury, and from the finding of the Judge, the following facts appear:

Abel & Monty were commission merchants, doing business in Oroville, Butte county, and were also doing a general mercantile business,

buying and selling on their own account. In February, 1857, the plaintiff, Scriber, left at their house a lot of merchandise to be sold on commission. In May, 1857, Abel & Monty became embarrassed, and their goods in the store were attached by Stewart & Co. On the eleventh day of May, defendant, Masten, being also a creditor of Abel & Monty, made an arrangement with them and with Stewart & Co., to the effect that Abel & Monty should give their notes, with Masten as endorser, to Stewart & Co. for about $2,100, and Stewart & Co. should dismiss the attachment, and Abel & Monty should make a transfer of the goods to Masten. This was done; during the negotiation, Monty informed Masten that there were some goods in the store left them on commission. On the same day Masten took possession of the goods, and on the next day removed them, together with those left by plaintiff to be sold on commission. Abel & Monty were present when the goods were removed, and objected to the removal of certain articles belonging to plaintiff; but their objection was not heeded by Masten; whereupon Scriber brought this action against Masten to recover the value of the goods left by him with Abel & Monty. No demand was made of Masten previous to the bringing of suit. Plaintiff had judgment in the Court below, and defendant appealed.

*Messick & Swesey* for Appellant.

The Court erred in rendering a judgment for the plaintiff:

1st. Because the Court finds that there was no demand and refusal shown.

2d. Because Abel & Monty were not technical factors, and the notice given to Masten at the time of the transfer, " *that there were some goods in the store left them on commission,*" without stating what they were or where they were, was insufficient to render his possession of the goods tortious. 7 Term R. 360 ; 6 Cal. R. 383 ; 5 Cal. R. 404.

3d. Because the findings show that the defendant took possession of the store and all the goods, under such insufficient notice, and had possession of the same a day before Abel & Monty objected to the removal of the butter and cheese.

4th. The transfer was good, at least to the interest Abel & Monty

had in the goods left on commission, for storage, commissions, etc., and Masten had a right to take possession.

5. Masten having taken possession of the store and the goods of the plaintiff, intermixed with those he purchased, it was his duty to exercise ordinary care in the protection and preservation of the same ; he therefore was not liable in any action, though he removed them, without a demand and refusal, so long as no actual conversion is shown.

6. To enable the plaintiff to recover, he should have averred and shown that he had discharged all lien or claim of the factor, to either the factor, his transferee or pawnee, or that he had made tender thereof.    5 Dumford *v.* East, 644.

*Winans* for Respondent.

The only question in this case is, whether a demand and refusal was necessary, under the facts set forth in the findings of the Court, to fix defendant's liability.    The proposition of defendant's counsel, that it was necessary to make a tender of commissions before plaintiff's right of action could accrue, being entirely novel and utterly unsupported by any authority in the books, we shall not discuss.    Undoubtedly, a factor has a lien on his principal's goods for his commissions, but it is for the factor to assert that lien where it exists.

It is contended that as the property was delivered to defendant on the day before he undertook to move it, and was ordered not to remove it by Monty, therefore he came rightfully in possession, and a demand and refusal were necessary to constitute a conversion.    To this we answer, *first,* he did not come into the possession of it ; and *secondly,* if he did, a subsequent removal after notice of plaintiff's ownership was *per se* a conversion of it.

*First.*    We contend that there was no delivery to defendant of the goods in question belonging to plaintiff.

The Court simply finds that Abel & Monty delivered to defendant all " the goods." What goods ?    Why, the goods they sold to him. What goods did they sell to him ?    All the goods in the store belonging to them.

Defendant therefore, in fact, never had any delivery to him of plaintiff's goods, and therefore, in taking possession of them, committed

a tort.   But assuming that he did come into possession by delivery to him from Abel & Monty ; the very assumption of that possession by defendant was a conversion.   Abel & Monty had no right to sell their principal's goods, and defendant, knowing that they were the goods of another party, had no right to buy them.   His very purchase, under such circumstances, was tantamount to a conversion.   Cowan's Treatise, vol. 1st, p. 231 ; see same authority, pp. 340, 341, 342, 343 ; Durell v. Mosier, 8th Johnson, 445 ; Evrard v. Coffin, 6th Wendell, 603.

" The assuming a right to dispose of property, or exercising a dominion over it to the exclusion or in defiance of plaintiff's right, is a conversion.   Bristol v. Burt, 7th Johnson, 254, and cases there cited ; Reynolds v. Shuler, 5th of Cowan, 323 ; and see as particularly applicable to the present case, Connah v. Hale, 23d Wendell, 462.

BALDWIN, J., delivered the opinion of the Court—FIELD, J., concurring.

This appeal is without merit.   The unlawful assumption by defendant of the ownership or dominion of the plaintiff's property, was a conversion of it.   If the defendant did not know, at the time he contracted with the factors, his debtors, that plaintiff owned the goods, he knew it before he removed them.   If the factors had a lien for commissions, under the circumstances, the defendant, who took away the goods, and subjected the plaintiff to the cost and trouble of getting them back or recovering their value, had not.   There was no necessity of any demand against a conscious wrong doer.

Whether the notice given by the factors to the defendant was so precise as to identify, with exactness, the goods in controversy, it was certainly enough to put the defendant on inquiry, and this inquiry would have easily given him the proper information.   If he chose to proceed without making inquiry, and to remove all the goods, he is responsible for the consequences.

Judgment affirmed.